■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FIGUEROA, Also Known as EDGARDO FIGUEROA, Appellant.—Appeals from (1) a judgment of the Supreme Court, Kings County, dated October 31, 1975, which denied appellant's application for a writ of habeas corpus, after a hearing, and (2) a judgment of the same court, rendered February 25, 1976, convicting appellant of possession of weapons, etc., as a felony, upon a jury verdict, and of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Judgment, dated October 31, 1975, affirmed, without costs or disbursements. Judgment rendered, February 25, 1976, affirmed. The habeas corpus application, which sought dismissal of the indictment on the ground that appellant was denied a speedy trial, was properly denied. Defendant's reliance on *People v Johnson* (38 NY2d 271) is misplaced. Although the 18 months' incarceration weighs heavily in appellant's favor, the other factors present in the *Johnson* case are not present here. Appellant's only speedy trial application was the one which is the subject of this appeal; its denial was followed immediately by the trial. The delay attributable to defense counsel may not be charged to the People (see *People v Timothy,* 34 NY2d 867). Although we cannot determine the precise extent of this delay on the record, it appears to be considerably more than the 30 days attributed to the *Johnson* defendant, which the court there termed as "insignificant". Further, appellant made no claim that the delay was prejudicial to his defense until 18 months had elapsed; his claim was then the general one that any witnesses who might have been available "are long since gone". At bar it appears to have been the People who were prejudiced by the delay, as one of the proposed identification witnesses could not identify the appellant at the *Wade* hearing and as the detective who had

conducted the photographic identification procedure refused to return from Florida, the State to which he had retired. The *Johnson* defendant claimed self-defense while at bar the appellant admitted to the police that he deliberately sought out and shot the victim. At his trial, appellant admitted possession of the loaded gun as a felony, while the *Johnson* defendant was charged with weapons possession as a misdemeanor. The acceptance of a partial verdict and the refusal to dismiss the indictment with respect to the remaining counts did not expose the appellant to double jeopardy. On the record, he consented to the acceptance of the partial verdict and the discharge of the jury. Despite its declarative form, the trial court's initial purported discharge of the jury was obviously a statement of intention rather than a completed act. The trial court's decision was held in abeyance pending the appellant's response to its announced intention. The discharge of the jury did not take effect until after the appellant expressly consented (cf. *People v Rodriguez,* 39 NY2d 976). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.