■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES YOUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered October 3, 1985, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The presentation of evidence at the trial on the defendant's indictment for burglary in the second degree and criminal mischief in the fourth degree, which consisted of the brief testimony of five witnesses for the People and the defendant, on his own behalf, lasted one day. After having deliberated for over 12 hours on what was neither a legally nor factually complex case, the jury sent a note to the Trial Judge, stating: "Regretfully we feel there would be no value in further discussion. We have reached an impasse. Rather we are continuing an impasse which began at the opening of these deliberations. We feel that we cannot accomplish our task and beg to be excused". The Trial Judge advised both attorneys of the content of the communication, at which point the following colloquy ensued:

"THE COURT: My suggestion is that I call them down and ask them if they have reached any verdict at all on any of the counts. And if they say 'yes', I will take that verdict from them and excuse them on the other counts. If they say, 'no', I will give them an Allen charge *[Allen v United States,* 164 US 492] and send them back for another hours *[sic].*

"[DEFENSE COUNSEL]: Your Honor, I have had an opportunity to speak with my client about this who is currently standing next to me. He has indicated he would like your Honor to take a possible verdict, if possible. I would reserve the right to [an] Allen charge until I speak to my client further about that".

Addressing the foreperson in the presence of the other jurors, the court inquired as to whether the jury had reached a verdict on either count of the indictment. The foreperson responded that the jury had agreed to a verdict on the second count. The court announced to the jury its intention to "accept [the] verdict on the second count of the indictment and * * * excuse [the jury] on the first count", and the verdict of

guilty on the criminal mischief count was received. The court then praised the jurors for their efforts, and, in discharging them, observed: "You have been deliberating now today about five hours. You have deliberated about seven or eight hours yesterday. I think you worked hard enough".

Three months thereafter, the defendant pleaded guilty to attempted burglary in the second degree. At no time subsequent to the receipt of the partial verdict at the trial did the defense counsel protest the continued prosecution of his client.

On appeal, the defendant maintains that the continued prosecution of him was violative of the constitutional and statutory guarantees against double jeopardy inasmuch as the Trial Judge declared a mistrial in the absence of either a "manifest necessity" therefor or his consent or acquiescence thereto (see, e.g., Matter of Plummer v Rothwax, 63 NY2d 243; People v Michael, 48 NY2d 1).

Initially, we observe that having pleaded guilty to attempted burglary in the second degree, the defendant has forfeited his right to assert his statutory double jeopardy claim (see, People v Prescott, 66 NY2d 216, 218, cert denied 475 US 1150). While the defendant's constitutional claim survived the trial court's acceptance of his plea and may, in fact, be raised here for the first time (see, People v Prescott, supra, at 218; People v Michael, supra, at 1, 7), this claim is without merit since the defense counsel consented to the court's action.

While the defendant may not have expressly consented to the discharge of the jury, the totality of the circumstances attendant upon the declaration of a mistrial, wherein the defense counsel expressed his eagerness to receive the partial verdict in response to the court's announcement that it intended to do so and subsequently discharge the jury, warrants the conclusion that the defendant impliedly consented to the mistrial (see, People v Ferguson, 67 NY2d 383). Accordingly, we are satisfied that double jeopardy concerns were not implicated herein and that the prosecution of the defendant on the remaining count was properly continued (see, People v Ferguson, supra; People v Figueroa, 54 AD2d 737). Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.