■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY BARRETO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered February 19, 1981, convicting him of murder in the second degree, robbery in the first degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

At trial, the prosecutor was permitted to introduce into evidence, over the defendant's objection, the videotaped confessions of his two codefendants, both of which implicated the defendant in the crime. Since the codefendants did not testify at trial, the admission of their confessions constituted error under the principles enunciated in Cruz v New York (481 US 186; see also, People v Hamlin, 71 NY2d 750).

We find no merit to the People's contention that this error was harmless. At trial, the defendant attempted to repudiate his confession by testifying that his statements were physically and psychologically coerced by the police. He also testified that he was intoxicated when questioned by the police and, as such, did not understand the rights he had purportedly waived. The evidence against the defendant, without his confession, is less than overwhelming. Moreover, considering his broad attack on the conduct of the police and his challenge to the voluntariness of his confession, we cannot say beyond a reasonable doubt that the jury's verdict was not affected by the admission of his codefendants' confessions (see, People v Hamlin, 71 NY2d 750, supra; People v Pitts, 71 NY2d 923). Accordingly, the conviction must be reversed and a new trial ordered (see, People v Velasquez, 143 AD2d 956; People v Williams, 141 AD2d 786; People v Martin, 139 AD2d 599).

We find, however, that the defendant's contention that his confession should be suppressed is without merit. The suppression issue turned upon an assessment of the credibility of Detective Ortiz and Assistant District Attorney Robertson, who testified that they had not coerced his confession. Issues of credibility are best left to the hearing court and its findings

should be upheld unless they are clearly erroneous *(see, People v Matias,* 137 AD2d 625; *People v Armstead,* 98 AD2d 726). We find no reason to disturb the hearing court's determination which is supported by the record. We also find that the issue of delay in regard to the defendant's arraignment is not preserved for appellate review as it was never raised before the hearing court *(see, People v Tutt,* 38 NY2d 1011).

Lastly, we find that the defendant was not subjected to double jeopardy when he was retried after his first trial ended in a mistrial. Notwithstanding that the defendant never formally consented to the mistrial, we find that consent may be implied from a totality of the circumstances *(see, People v Ferguson,* 67 NY2d 383). Moreover, the record reveals that the jury in the first trial had deliberated for a day and a half when it reported back to the court that it was not likely to reach a verdict as to any defendant, within a reasonable period of time. Giving deference to the discretion of the trial court in these matters *(Arizona v Washington,* 434 US 497, 510; *Matter of Plummer v Rothwax,* 63 NY2d 243), we find that its declaration of a mistrial, even without the defendant's consent, was not an abuse of discretion *(see,* CPL 310.60).

In light of the above determinations, we need not reach the defendant's remaining contentions including those raised in his supplemental *pro se* brief. Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.