■ In the Matter of ROBERT DELCOL, Petitioner, v DENIS DILLON et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit further prosecution of the petitioner on a simplified traffic information filed under Nassau County Index Number 793/89, filed in the District Court, Nassau County, on the ground that a trial on this information would violate the prohibition against double jeopardy.

Adjudged that the petition is granted, on the law, without costs or disbursements, the respondents are prohibited from proceeding with the trial of the simplified traffic information filed under Nassau County Index Number 793/89 against the petitioner and the respondent Dillon is prohibited from further prosecuting that information.

The petitioner argues that where, as here, a court declares a mistrial without obtaining the defendant's consent, the Double Jeopardy provisions of the State and Federal Constitutions prohibit his retrial for the same crime unless there is a "manifest necessity" for the mistrial. He submits that there was no such manifest necessity. We agree.

Where a defendant moves for or consents to a mistrial, the Double Jeopardy Clause does not bar retrial (see, People v Ferguson, 67 NY2d 383, 388). However, where a mistrial is declared without the consent of, or over the objection of the defendant "the prohibition against double jeopardy * * * precludes retrial for the same offense unless 'there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated' " (Matter of Enright v Siedlecki, 59 NY2d 195, 199; accord, People v Catten, 69 NY2d 547, 554 quoting United States v Perez, 9 Wheat [22 US] 579, 580; People v Michael, 48 NY2d 1). CPL 280.10 (3) "allows a court to declare a mistrial on its own motion only 'when it is physically impossible to proceed with the trial in conformity with law' " (People v Michael, supra, at 9).

Here, nothing in the record would justify a conclusion that the petitioner consented to a mistrial or that the circumstances justified the declaration thereof. Although the petitioner did not specifically object to the mistrial, neither did he consent to it (cf., People v Ferguson, supra, at 387-389; People v Barreto, 149 AD2d 428, 429). That the court's term was

shortly to end did not require the declaration of a mistrial. There were several other courses of action available. Thus, the declaration of mistrial was founded upon the convenience of the court and was not based upon a manifest necessity *(see, People v Michael, supra,* at 9).* Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.