■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN LILLY, Appellant.—Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered April 5, 1991, convicting him of criminal possession of a controlled substance in the seventh degree under Indictment No. 5903/90, upon a jury verdict, and imposing sentence, (2) a judgment of the same court, rendered May 6, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under Indictment No. 5903/90, upon a jury verdict, and imposing sentence, and (3) an amended sentence of the same court imposed June 20, 1991, on his conviction of criminal possession of a controlled substance in the seventh degree under Indictment No. 5903/90.

Ordered that the judgments and amended sentence are affirmed.

The defendant asserts that he was retried in violation of his

constitutional right not to be placed twice in jeopardy for the same offense. At the defendant's first trial, the Judge discharged the jury after accepting a partial verdict and declared a mistrial, without the defendant's consent, with respect to the counts upon which the jury had not reached a verdict. The defendant contends that there was no "manifest necessity" for a mistrial. We disagree. While the defendant did not expressly consent to the mistrial, his consent may be implied from the circumstances leading up to the dismissal of the jury (see, People v Ferguson, 67 NY2d 383). Not only did the defense counsel actively participate in the various colloquies concerning the jury's inability to reach a verdict, he also registered no protest when the court announced that it believed the jury would be unable to overcome the impasse, and when it ultimately declared a mistrial (see, People v Barreto, 149 AD2d 428; People v Young, 137 AD2d 777). In any event, since the jury in the first trial initially revealed its difficulty in reaching a verdict on the second day of deliberations, ultimately deliberated for approximately 20 hours over four days, and finally announced a deadlock in the evening of the fourth day of deliberations, the trial court properly exercised its discretion in determining that the jury was not likely to reach a verdict within a reasonable time, and in declaring a mistrial (see, Matter of Plummer v Rothwax, 63 NY2d 243; People v Barreto, 149 AD2d 428, supra).

The defendant further challenges the court's action at the first trial in permitting, during deliberations, one member of the jury to eat a kosher meal separately from the other jurors and allowing jurors to attend religious services on Saturday and Sunday apart from each other in violation of the mandatory sequestration provision of CPL 310.10. On this record, however, we conclude that the defendant effectively waived his right to have the jury continuously sequestered by expressly consenting to the arrangements made by the trial court in order to accommodate the jurors' religious beliefs (see, People v Webb, 78 NY2d 335; People v D'Alvia, 171 AD2d 96). Moreover, the court repeatedly exhorted the jurors to remember that they could deliberate only when all 12 of them were present, and the defendant does not even allege a substantial likelihood of prejudice flowing from the failure to sequester the jury (see, People v Webb, supra, at 340; People v D'Alvia, supra, at 108). Accordingly, reversal is not required on this ground. Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.