■ In the Matter of DALE D'AMICO, Petitioner, v MORTON WEISSMAN et al., Respondents. [632 NYS2d 640] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to prohibit Suffolk County from "maintaining subject matter jurisdiction" of a criminal action against the petitioner under Suffolk County Indictment No. 2574/93 on the ground that it is barred by the prohibition against double jeopardy, or, in the alternative, to prohibit the respondents from enforcing any sentence imposed on a judgment of conviction in the criminal action.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). The petitioner here has failed to demonstrate a clear legal right to the relief sought. Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.

■ In the Matter of J.S.N. ENTERPRISES, INC., Appellant, v GWENDOLYN I. BYRD, Respondent. [632 NYS2d 969] —Appeal by the petitioner from a judgment of the Supreme Court, Westchester County (Murphy, J.), entered May 5, 1994.

Ordered that the judgment is affirmed, with costs, for reasons stated by Justice Murphy at the Supreme Court. Bracken, J. P., Rosenblatt, Santucci and Joy, JJ., concur.