■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HAWKINS, Appellant. [643 NYS2d 634]

The defendant was not subjected to double jeopardy when he was retried after his first trial under Indictment No. 1506/93 ended in a mistrial. While the defendant did not expressly consent to the mistrial, his consent may be implied from the circumstances which led to the court's decision to declare a mistrial (*see, People v Ferguson,* 67 NY2d 383; *People v Barreto,* 149 AD2d 428). Defense counsel did not voice his opposition to a mistrial when he actively participated in the colloquy in which the jury's ability to reach a verdict was discussed, and did not register any form of opposition when the court subsequently declared a mistrial (*see, People v Lilly,* 187 AD2d 674, 675). Accordingly, the defendant's consent to the mistrial may be implied from the totality of the circumstances *(see, People v Ferguson, supra).*

The defendant failed to preserve for appellate review his contention that reversal is warranted due to error in the trial court's charge (*see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467; *People v Udzinski,* 146 AD2d 245, 250; *People v Price,* 144 AD2d 1013; *People v Fisher,* 112 AD2d 378; *People v Thompson,* 107 AD2d 772). In any event, the court's charge as a whole adequately apprised the jury of the standard they were to apply (*see, People v Canty,* 60 NY2d 830, 831-832; *People v Reyes,* 207 AD2d 362).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.