■ In the Matter of RICHARD A. BROWN, Petitioner, v MARTIN SCHULMAN, as Justice of the Supreme Court of the State of New York, et al., Respondents. [667 NYS2d 303] —Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, *inter alia,* to prohibit the respondent Martin Schulman, a Justice of the Supreme Court, Queens County, from enforcing his order, issued orally on September 22, 1997, that the Clerk of the Supreme Court, Queens County, not accept, and that the petitioner not attempt to file, a certificate of readiness in a criminal action entitled *People v Luis Brinoes* (Queens County Indictment No. 4160/96) before October 15, 1997, and to compel the respondent Martin Schulman to accept for filing any facially-valid certificate of readiness proffered by the petitioner in the underlying criminal action.

Adjudged that the petition is denied, without costs or disbursements.

The extraordinary remedy of prohibition is not granted as of right but only in the sound discretion of the reviewing court (*see, Matter of Holtzman v Goldman,* 71 NY2d 564, 569). In exercising that discretion, the reviewing court may weigh factors such as the gravity of the harm caused by the unauthorized act, whether the harm may be adequately corrected on appeal or by recourse to ordinary proceedings at law or in equity, and whether prohibition would furnish a more complete and efficacious remedy even when other methods of redress are technically available (*see, Matter of Rush v Mordue,* 68 NY2d 348, 354). Moreover, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and then only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16).

In light of the fact that the defendant has not yet made a speedy trial motion pursuant to CPL 30.30, the petitioner has not yet suffered any harm as a result of the respondent Justice's order. In addition, should the defendant make such a motion, the petitioner would then be able to argue that the time at issue should be chargeable to the defendant. Moreover, the petitioner would have the right to appeal any such motion decided against it (*see*, CPL 450.20 [1]). Thus, given the lack of harm suffered by the petitioner, and its recourse to ordinary proceedings, the requested relief of prohibition is denied, and the petitioner has failed to demonstrate a clear legal right to relief in the nature of mandamus. Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.