■ In the Matter of JOANNE MATTHEWS, Petitioner, v EUGENE L. NICANDRI, as County Judge of St. Lawrence County, et al., Respondents. [675 NYS2d 178] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from proceeding to trial on an indictment charging petitioner with two counts of criminal sale of a controlled substance in the third degree.

A June 1997 indictment charged petitioner with two counts of criminal sale of a controlled substance in the third degree. The matter came on for trial on January 7, 1998. On the first day of trial, a jury was selected and sworn. During the following night, however, a severe ice storm struck the region (and, in fact, the entire northeast United States and adjacent Canadian provinces) and St. Lawrence County was declared a disaster area. A state of emergency was imposed and County Court did not resume its proceedings until January 20, 1998. At that time, respondent St. Lawrence County Judge (hereinafter County Court) *sua sponte* declared a mistrial in the action against petitioner, finding "manifest necessity" due to the fact that portions of St. Lawrence County were still without water or electricity and because of the anticipated unavailability of witnesses and of jurors, who would in any event be preoccupied with coping with the aftermath of the storm. On January 26, 1998, petitioner moved to dismiss the indictment on double jeopardy grounds. Respondent District Attorney opposed the motion, advancing the contentions (among others) that there was a manifest necessity to declare a mistrial and that petitioner had impliedly consented to the mistrial by failing to register a timely objection. After briefly considering the issue

of consent and finding only that there had been "no clear consent", County Court denied petitioner's motion on the basis of its finding of manifest necessity. Petitioner then initiated this CPLR article 78 proceeding to prohibit respondents from proceeding to trial on the indictment.

We conclude that petitioner has failed to show a clear legal right to the extraordinary remedy of prohibition (*see, Matter of Holtzman v Goldman*, 71 NY2d 564, 569; *Matter of D'Amico v Weissman*, 220 AD2d 665); we accordingly dismiss the petition. It is settled law that the Double Jeopardy Clauses of the Federal (US Const 5th Amend) and State Constitutions (NY Const, art I, § 6) will not ordinarily bar a second trial where the defendant either requests a mistrial or consents to its declaration (*see, People v Ferguson*, 67 NY2d 383, 387-388). Notably, a defendant's consent need not be express, but "may in some cases be implied from the circumstances leading up to the dismissal of the jury" (*id.*, at 388). More to the point here is the well-established principle that, in the absence of any objection, a defense counsel's active participation in a colloquy concerning the grant of a mistrial will give rise to a finding of consent (*see, id.; People v Hawkins*, 228 AD2d 450, 451; *People v Michallow*, 201 AD2d 915, *lv denied* 83 NY2d 874; *People v Lilly*, 187 AD2d 674, 675, *lv denied* 81 NY2d 973), even if the defendant was not present at the time (*see, People v Ferguson, supra*, at 390-391).

In its decision denying petitioner's motion to dismiss the indictment on double jeopardy grounds, County Court briefly considered the issue of consent, recognizing that "[c]onsent may be made by defense counsel in the absence of the defendant and without the defendant being consulted" and making an express finding that "[petitioner's] counsel participated in a discussion of the impending mistrial declaration". However, finding that there had been "no clear consent" (which, in context, strikes us as meaning *express* consent), County Court abandoned the issue and proceeded to a consideration of the "manifest necessity" doctrine, which under County Court's analysis would bring about the same result as a finding of consent. Under the circumstances, we conclude that County Court made no ultimate finding that petitioner had not impliedly consented to the declaration of a mistrial. In fact, had such a finding been made, it would have been unsupported by the record (*compare, id.*, at 389). Rather, the uncontradicted record evidence compels our finding as a matter of law that petitioner consented to the declaration of a mistrial by virtue of her counsel's participation in two separate discussions of the subject without registering any objection.

Although we have no verbatim record of County Court's January 19, 1998 telephone conversation with petitioner's counsel, the attorney's affidavit submitted in support of petitioner's motion to dismiss the indictment on double jeopardy grounds purports to set forth the subject matter of that conversation. Significantly, in that affidavit petitioner's own counsel makes no mention of any objection to the declaration of a mistrial, but merely asserts that he "questioned whether [petitioner] needed to be present [at a proposed January 20, 1998 court appearance] and was advised that she did not need to be there". We do have the transcript of the January 20, 1998 proceeding, which demonstrates not only the absence of any objection but, in fact, petitioner's tacit approval of the delay of the proceedings brought about by the mistrial declaration. In that connection, petitioner's counsel stated: "Your Honor, for the record, I talked to [petitioner] yesterday, after I had [the] opportunity to consult with the Court and the District Attorney's office, and advised her as I was advised by the Court that her appearance was not necessary today. She advised me she did have plans to leave the area for approximately a week and she will be back. She was notified of it being on the calendar today. I told her she didn't have to appear."

In view of the foregoing and, in fact, the absence of any claim by petitioner that she actually objected to the declaration of a mistrial, we conclude that petitioner impliedly consented to County Court's declaration of a mistrial. As a result, retrial is not barred. We need not consider the alternative issue of whether there was manifest necessity for County Court's declaration of a mistrial.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the petition is dismissed, without costs.