■ In the Matter of ALWIN ANDERSON, Petitioner, v RICHARD L. BUCHTER, as Justice of the Supreme Court of the State of New York, Respondent. [797 NYS2d 109]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondent, a Justice of the Supreme Court, from proceeding with the retrial of a criminal action entitled *People v Anderson,* pending in the Supreme Court, Queens County, under indictment No. 1671/03 on the ground that a retrial would violate the prohibition against double jeopardy. Motion by the petitioner to stay the retrial pending hearing and determination of the proceeding.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements; and it is further,

Ordered that the motion is denied as academic in light of the determination of the proceeding.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue,* 68 NY2d 348, 352 [1986]). The petitioner has failed to demonstrate a clear legal right to the relief sought.

In connection with the petitioner's claim that the indictment should have been dismissed because he was denied his right to a speedy trial, that issue can be raised on an appeal from any

judgment entered after the retrial (*see Matter of Brown v Schulman,* 246 AD2d 648 [1998]). Further, the petitioner consented to the discharge of the jury at his first trial and to an adjournment of the trial date. Accordingly, he waived his claim that a retrial will subject him to double jeopardy (*see People v Ferguson,* 67 NY2d 383 [1986]; *People v Hawkins,* 228 AD2d 450 [1996]).

The petitioner's remaining contentions are without merit. Ritter, J.P., Krausman, Mastro and Fisher, JJ., concur.