OPINION OF THE COURT
Eileen N. Nadelson, J.
*733 This matter presents an issue of first impression with respect to civil procedure in New York. The question concerns the ability of a court to declare a mistrial sua sponte over a party’s objections when it becomes impossible for the trial judge at a bench trial to continue hearing the matter.
The instant action was commenced as a first-party claim for benefits under New York’s No-Fault Insurance Law. Although the original claim involved multiple bills, during the proceedings all but one bill were settled out by the parties. After the close of plaintiffs case-in-chief, during a recess in the proceedings for the end-of-year holidays, the presiding judge was informed by the Office of Court Administration (OCA) that she was being reassigned from civil to criminal court, and that all pending matters were to be turned over to the supervising judge of the civil court for reassignment to other judges. This reassignment was unexpected and unanticipated.
Because evidence had already been heard, the judge was given permission to remain in civil court for an extra week to complete the trial; however, despite the best efforts of all the participants, it was impossible to conclude the case. The trial judge was then required by OCA to assume her duties in the criminal court. A mistrial was then declared by the court.
CPLR 4402 states that “[a]t any time during the trial, the court, on motion of any party, may order a continuance or a new trial in the interest of justice on such terms as may be just.”
In the instant matter, neither party moved for a new trial or a mistrial, and the determination that a mistrial was necessary was made by the court. With respect to motions for mistrials, the law is clear that the decision as to whether or not to grant a new trial lies in the discretion of the court, when it appears that owing to some accident or surprise, defect of proof, unexpected and difficult questions of law, or like reason, a trial cannot proceed without injustice to a party. (Matter of Bank of N.Y. v Assessor of Vil. of Bronxville, 4 Misc 3d 1014[A], 2004 NY Slip Op 50874[U] [Sup Ct, Westchester County 2004].) Unfortunately, there are no judicial decisions, with regard to civil law matters, that provide guidance as to which circumstances would require or permit a court to declare a mistrial on its own initiative. However, there are several criminal law cases that do address this knotty problem.
In People ex rel. Brinkman v Barr (248 NY 126 [1928]), the New York Court of Appeals permitted the court to declare a *734 mistrial when the judge before whom a criminal case was pending became too ill to appear in court or continue the trial. The request for the mistrial came from the judge himself. Therefore, it appears a judge’s physical incapacity may be a valid basis for the court to declare a mistrial.
In Matter of Romero v Justices of Supreme Ct., Queens County (237 AD2d 292 [2d Dept 1997]), the court was permitted to declare a mistrial when a juror failed to return for deliberations and could not be contacted. The appellate court stated that the trial court could not reasonably be required to order an indefinite continuance, but was justified in concluding that there was no acceptable alternative to a mistrial. In this instance, because the trier of fact was unavailable to complete the trial, a mistrial was deemed to be the appropriate course of action.
Pursuant to Federal Rules of Criminal Procedure rule 25, if by reason of death, sickness or other disability the judge before whom a jury trial has commenced is unable to proceed with the trial, any other judge regularly sitting in or assigned to the court, upon certifying familiarity with the record, may proceed with and finish the trial.
New York has no rule comparable to this federal rule. However, according to section 21 of the Judiciary Law, a judge “shall not decide or take part in the decision of a question, which was argued orally in the court, when he [or she] was not present and sitting therein as a judge.”
This section of the Judiciary Law has been interpreted, with respect to criminal matters, to prohibit a substitution of judges at hearings where testimony is presented, not to a jury, but to the court, and the substituted judge is called upon to render a decision based on an evaluation of testimony which he or she did not hear. (See, e.g., People v Cameron, 194 AD2d 438 [1st Dept 1993].) Consequently, it would appear that the Judiciary Law would prevent a substitution of judges after evidence has begun at a nonjury trial. (People v Thompson, 158 Misc 2d 397 [Sup Ct, Queens County 1993].)
In the instant case, because it is a bench trial, it would be seemingly improper for a substituted judge to render a decision based on evidence he or she did not hear, given by witnesses whose credibility he or she could not evaluate. Therefore, because a different judge could not be allowed to continue the trial, the only question is whether the trial judge’s reassignment constitutes a sufficient unexpected disability to warrant the declaration of a mistrial.
*735 At least one court has determined that the fact that the court’s term was shortly to end did not require the declaration of a mistrial, because there were several other courses of action available. (That court failed to enumerate exactly what those courses of action might be.) That court stated that in order to declare a mistrial, a court must find a manifest necessity not founded upon its own convenience. (Matter of Delcol v Dillon, 173 AD2d 704 [2d Dept 1991].) This case is distinguishable from the instant matter, in which the trial judge requested to remain with the case but was unable to do so because of administrative exigencies.
In the case at bar, the trial judge was able to stay her reassignment for one week, which the parties asserted would be a sufficient amount of time in which to conclude the presentation of all of the evidence. Unfortunately, the parties were mistaken, and the trial could not be completed within this time frame. No other judge could be substituted, it was not possible for the judge to further delay her duties in a different court, although she was willing to do so, and an indefinite continuance until the judge might be reassigned back to civil court would be impracticable. As a consequence, in the interests of justice, the court had no alternative but to declare a mistrial.