■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAZZY HAMBRICK, Appellant. [947 NYS2d 139]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered October 28, 2009, convicting him of criminal possession of a weapon in the second degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that, notwithstanding his own counsel's request for a mistrial, a demonstration of "manifest necessity" was required prior to the declaration of a mistrial in his first trial. The defendant also failed to preserve for appellate review his contention that, in fact, no such "manifest necessity" for a mistrial was established and that, as such, double jeopardy barred his retrial (*see* CPL 470.05 [2]; *People v Hay*, 73 AD3d 1081 [2010]). In any event, these contentions are without merit.

"[W]hen a mistrial is granted over the defendant's objection or without the defendant's consent, double jeopardy will, as a general rule, bar retrial" (*Matter of Davis v Brown*, 87 NY2d 626, 630 [1996]). "Conversely, when the defendant requests or consents to a mistrial, double jeopardy typically erects no barrier to a retrial" (*id.* at 630). Here, although the defendant personally disagreed with the declaration of a mistrial, his counsel requested a mistrial on the ground that several members of the jury had impermissibly discussed the specifics of the case and had potentially been biased by the predeliberation discussions. Having accepted the assistance of counsel, a defendant retains authority over certain fundamental decisions. Those decisions that have traditionally been considered to be fundamental include whether to accept a plea of guilty, waive a jury trial, testify in one's own behalf, or take an appeal (*see Jones v Barnes*, 463 US 745 [1983]). "Strategic and tactical decisions entrusted to counsel include which jurors to accept or strike, which witnesses should be called on the defendant's behalf, what evidence should be introduced, whether to object to the admission of evidence, whether and how a witness should be cross-examined, and whether to consent to a mistrial" (*People v Colville*, 79 AD3d 189, 198 [2010], *lv granted* 17 NY3d 793 [2011]). Thus, the defendant's personal consent to a mistrial was not necessary, and his counsel's decision to move for a mistrial was binding on the defendant (*id.* at 198; *see generally People v Henriquez*, 3 NY3d 210, 227 [2004]).

In any event, contrary to the defendant's contention, neither the defendant's nor his counsel's consent to a mistrial was

required, since there was a showing of "manifest necessity" to declare a mistrial based upon juror bias (*People v Michael*, 48 NY2d 1, 9 [1979] [internal quotation marks omitted]). Initially, "[s]ince the Trial Judge is in the best position to determine whether a mistrial is in fact necessary in a particular case, that court is entrusted with discretion in this area, and deference is to be accorded the Trial Judge's decision to declare a mistrial" (*id.* at 9). "[T]he trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by the improper comment" will be accorded "the highest degree of respect" (*Arizona v Washington*, 434 US 497, 511 [1978]; *see Matter of Enright v Siedlecki*, 59 NY2d 195, 200 [1983]). Here, the trial court providently exercised its discretion in declaring a mistrial in the defendant's first trial.

The defendant's contention that, at his second trial, certain allegedly improper comments made by the prosecutor during her summation and certain testimony by a prosecution witness deprived the defendant of his right to a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Adams*, 93 AD3d 734 [2012]). In any event, the challenged summation remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to the summation of defense counsel (*see generally People v Jenkins*, 93 AD3d 861 [2012]). In addition, to the extent that the challenged prosecution testimony was improper, it was not so flagrant or pervasive as to deprive the defendant of a fair trial (*see generally People v Almonte*, 23 AD3d 392 [2005]).

There is no merit to the defendant's contention that he was deprived of the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *see also People v Caban*, 5 NY3d 143, 156 [2005]). Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.