■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARISTE ADONIS, Appellant. [988 NYS2d 902]—Appeal by the defendant from a judgment of the County Court, Rockland County (Alfieri, Jr., J.), rendered September 14, 2009, convicting him of

rape in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's first trial ended in a mistrial when the trial court dismissed a sworn juror on the ground that the juror was unqualified, and there was no alternate to replace the juror (*see* CPL 270.35 [1]; 280.10 [3]). The defendant was tried again and convicted of rape in the second degree.

On appeal, the defendant contends that double jeopardy principles barred his retrial because, notwithstanding his own counsel's request for a mistrial during his first trial, a demonstration of "manifest necessity" was required prior to the declaration of a mistrial, and no such "manifest necessity" was established. These contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hambrick*, 96 AD3d 972, 973 [2012]), and, in any event, without merit (*see Matter of Davis v Brown*, 87 NY2d 626, 630 [1996]; *People v Hambrick*, 96 AD3d at 973). Further with respect to his double jeopardy claim, the defendant specifically contends that the declaration of a mistrial in the first trial was not the product of manifest necessity because the trial court improperly proceeded without selecting alternate jurors, and improperly dismissed the sworn juror. The defendant waived these contentions, as his counsel consented to proceeding without alternate jurors, and to the discharge of the sworn juror (*see People v White*, 53 NY2d 721, 723 [1981]; *People v Colville*, 79 AD3d 189, 198 [2010], *revd on other grounds* 20 NY3d 20 [2012]). Mastro, J.P., Lott, Sgroi and Cohen, JJ., concur.