People v Alman (2020 NY Slip Op 03799)





People v Alman


2020 NY Slip Op 03799


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2018-09719
 (Ind. No. 560/17)

[*1]The People of the State of New York, respondent,
v
Irvin Alman, appellant.


Mark Diamond, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Andrea M. DiGregorio and Autumn S. Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), rendered July 10, 2018, convicting him of obstructing governmental administration in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was arrested and charged with obstructing governmental administration in the second degree, resisting arrest, assault in the second degree, and assault in the third degree following an altercation with corrections officers at the Nassau County Correctional Center, where the defendant was visiting his brother. The case proceeded to trial. After summations, defense counsel informed the Supreme Court that the defendant would not consent to any alternate jurors replacing a juror and, consequently, the alternates were discharged. As deliberations proceeded, the jury sent a note to the court in which it asserted that Juror No. 6 had disobeyed the court's admonitions not to do independent research or to speak about the case with anyone not on the jury and requested that Juror No. 6 be removed from the jury. The court explained to the prosecution and defense that it would speak to the jurors one-by-one to ascertain if misconduct had occurred and, if so, whether the jurors could remain unbiased. Neither party objected when afforded the opportunity to do so.
The Supreme Court proceeded to speak with the first seven jurors. Upon questioning Juror No. 6, Juror No. 6 admitted that she had disobeyed the court's instructions by performing independent research regarding legal definitions of topics at issue in the case and by discussing the case with her husband. Juror No. 6 also admitted telling the other jurors what she had learned.
The Supreme Court discharged Juror No. 6 without objection. The court then proceeded to interview Juror No. 7 who informed the court that she would not be able to put aside the information conveyed by Juror No. 6 and could no longer be fair or impartial. After the court inquired of the parties whether they had any applications to make and was advised that they had none, the court stated that it would declare a mistrial "upon necessity" because it had no other options in that Juror No. 6 was discharged and at least one other juror had been tainted, and with the recognition that there were at best only 10 jurors remaining and no alternates available. Without objection from the parties, the court recalled the remaining jury members and discharged them. The [*2]parties then agreed to adjourn the case for a new trial, with defense counsel offering a proposed date.
The second trial proceeded and the jury acquitted the defendant of assault in the second degree, assault in the third degree, and attempted assault in the third degree but convicted him of obstructing governmental administration in the second degree and resisting arrest. The defendant appeals.
While the defendant contends that the Supreme Court's declaration of a mistrial was in violation of CPL 280.10, such contention is not preserved for appellate review as the defendant failed to object to the court's declaration of a mistrial on this, or any other, ground (see People v Adonis, 119 AD3d 700, 701; People v Hambrick, 96 AD3d 972, 973). To the extent that the defendant's claim that his federal and state constitutional protections against double jeopardy were violated as there was no manifest necessity for the mistrial is reviewable, notwithstanding the absence of objection (compare People v Michael, 48 NY2d 1, 7, with People v Adonis, 119 AD3d at 701, and People v Hambrick, 96 AD3d at 973), his claim is without merit.
The defendant implicitly consented to the declaration of a mistrial and waived his double jeopardy claims because he failed to object when the Supreme Court first stated that it planned to declare a mistrial, despite being afforded the opportunity to do so, and then agreed to schedule a second trial (see Matter of Marte v Berkman, 16 NY3d 874, 875; People v Adonis, 119 AD3d at 701). "While express consent to a mistrial is preferable, defendant's consent may in some cases be implied from the circumstances leading up to the dismissal of the jury" (Matter of Marte v Berkman, 16 NY3d at 875 [internal quotation marks omitted]). In any event, we agree with the court's determination that there was a manifest necessity for a mistrial. Juror No. 6 was appropriately discharged, without objection, because of her misconduct. There were no alternate jurors available to replace the discharged juror, as the defendant had refused to allow any such replacement, leading to the discharge of the alternates. The defendant did not indicate a willingness to proceed without the required jury of 12. Thus, the court was justified in concluding that there was no acceptable alternative to a mistrial (see CPL 270.35[1]; People v Tinsley, 58 NY2d 990, 992; Matter of Whyte v Nassau County Dist. Attorney's Off., 139 AD3d 746, 746-747).
The defendant's contention that the jury verdicts were repugnant is not preserved for appellate review, as the defendant failed to challenge the verdicts before the jury was discharged (see People v Alfaro, 66 NY2d 985, 987; People v Danon, 167 AD3d 930, 931). In any event, the defendant's contention is without merit. "A verdict is repugnant only if, when viewed in light of the elements of each crime as charged to the jury, it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other'" (People v Cruz, 176 AD3d 852, 857, quoting People v Muhammad, 17 NY3d 532, 539-540). Here, acquittal on the charges of assault in the second degree (Penal Law § 120.05), assault in the third degree (Penal Law § 120.00), and attempted assault in the third degree (Penal Law §§ 110.00, 120.00) was not repugnant to the convictions of obstructing governmental administration in the second degree (Penal Law § 195.05) or resisting arrest (Penal Law § 205.30), as the assault charges contain essential elements that the obstruction and resisting arrest charges do not (see People v Muhammad, 17 NY3d at 541). Moreover, contrary to the defendant's contention, the obstruction and resisting arrest charges of which he was convicted were not necessarily based on the acts that were the basis for the charges of which he was acquitted.
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of resisting arrest is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492). In any event, contrary to the defendant's contentions, the evidence, viewed in the light most favorable to the prosecution, was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of obstructing governmental administration in the second degree and resisting arrest (see People v Contes, 60 NY2d 620, 621; People v Shoshi, 177 AD3d 779, 780). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349-350), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we [*3]are satisfied that the verdict of guilt on the count of obstructing governmental administration in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the prosecutor's summation remarks were improper is almost entirely unpreserved for appellate review, as the defendant failed to object to all but one of the challenged remarks (see CPL 470.05[2]; People v Baez, 175 AD3d 553, 555). In any event, the challenged remarks were within the broad bounds of permissible rhetorical comment or fair comment on the evidence (see People v Galloway, 54 NY2d 396, 399; People v Williams, 176 AD3d 1122), were fair responses to the defendant's attack on the credibility of the People's witnesses (see People v Williams, 123 AD3d 1152, 1153, affd 29 NY3d 84), or did not prejudice the defendant inasmuch as the remarks related to charges of which the defendant was acquitted.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court