People v James (2021 NY Slip Op 06700)





People v James


2021 NY Slip Op 06700


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-15165
 (Ind. No. 802/16)

[*1]The People of the State of New York, respondent,
v
Christopher E. James, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Guy Arcidiacono, Timothy Finnerty, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered November 30, 2018, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's contention that the hearing court improperly denied suppression of his statements to law enforcement officials made during transport after the administration of Miranda warnings (Miranda v Arizona, 384 US 436) is without merit. The defendant initiated conversation with detectives after invoking his right to remain silent, and inculpated himself by asking a question which betrayed his knowledge of an essential fact not disclosed by the police. Contrary to the defendant's contention, his statements during transport were volunteered or spontaneous, and not the product of police conduct or questioning which reasonably could be expected to elicit an inculpatory response from him (see People v Burbridge, 194 AD3d 831; People v Gunn, 176 AD3d 862; People v Foster, 153 AD3d 853).
The defendant's contention that there was legally insufficient evidence to support his conviction is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to support his conviction. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero,7 NY3d 633).
The defendant failed to preserve for appellate review his contentions that a demonstration of "manifest necessity" was required prior to the declaration of a mistrial in his first [*2]trial, and that his retrial was barred by double jeopardy because no such manifest necessity for a retrial was established (see CPL 470.05[2]; People v White, 53 NY2d 721, 723; People v Adonis, 119 AD3d 700; People v Hambrick, 96 AD3d 972). In any event, these contentions are without merit (see Matter of Davis v Brown, 87 NY2d 626, 630; People v Hambrick, 96 AD3d at 973).
The Supreme Court providently exercised its discretion in reconsidering an evidentiary ruling made during the defendant's first trial regarding text messages between the defendant and the victim, and in granting the People's application to admit only certain of those text messages into evidence at the retrial (see People v Cummings, 31 NY3d 204; People v Evans, 94 NY2d 499; People v Nieves, 67 NY2d 125). The subject text messages were probative of the victim's state of mind and, thus, of the defendant's motive for killing the victim (see People v Rose, 41 AD3d 742; People v Reynoso, 309 AD2d 769, affd 2 NY3d 820). The defendant failed to establish that the text messages between the defendant and the victim that the court excluded at the retrial were relevant to a material fact (see People v Primo, 96 NY2d 351, 355), or otherwise met an exception to the rule against hearsay (see People v Alexander, 169 AD3d 571; People v Swift, 160 AD3d 1341).
The defendant's contention that his waiver of the right to counsel was not knowing, voluntary, and intelligent is without merit. Here, the County Court engaged in a "searching inquiry" (People v Stone, 22 NY3d 520, 525) to clarify that the defendant understood the ramifications of proceeding pro se before accepting the defendant's waiver (see People v Providence, 2 NY3d 579). The defendant's further contention that the court erred in failing to order a CPL article 730 examination to determine his competency to waive counsel is likewise without merit. A defendant's mental capacity may be taken into account in determining whether to permit the defendant to proceed pro se "although the trial court need not conduct a formal 'competency' hearing prior to adjudicating a self-representation request" (People v Stone, 22 NY3d at 527; see Faretta v California, 422 US 806). In view of the record as a whole (see People v Providence, 2 NY3d at 583), the court had no reason to believe that the defendant suffered from a mental illness that affected his ability to waive counsel and proceed pro se (see People v Stone, 22 NY3d at 528-529; People v Paulin, 140 AD3d 985, 987; People v Leitzsey, 121 AD3d 1020).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court