People v Lee (2022 NY Slip Op 51106(U))

[*1]

People v Lee (Lindsay)

2022 NY Slip Op 51106(U) [77 Misc 3d 127(A)]

Decided on October 20, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 20, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-956 N CR

The People of the State of New
York, Respondent,
against
Lindsay L. Lee, Appellant. 

Nassau County Legal Aid Society (Tammy Feman, Marquetta Christy and Argun Ulgen
of counsel), for appellant.
Nassau County District Attorney (Daniel Bresnahan and Hilda Mortensen of counsel),
for respondent.

Appeal from a judgment of the District Court of Nassau County, First District
(Douglas J. Lerose, J.), rendered April 29, 2019. The judgment convicted defendant,
upon a jury verdict, of driving while intoxicated per se, common-law driving while
intoxicated and failure to signal, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with, among other things, driving while intoxicated per se
(Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated
(Vehicle and Traffic Law § 1192 [3]) and failure to signal (Vehicle and Traffic Law
§ 1163 [d]). Over the course of a jury trial, which commenced in February 2018,
defendant repeatedly failed to appear promptly. Defendant chose to testify on her own
behalf, but the day after the completion of her direct testimony, she declined to take the
stand for cross-examination. Following a next-day adjournment to resolve the issue,
defendant appeared timely, but left the courtroom and was missing for approximately 45
minutes. Once she was found and returned to the courtroom, she continued to refuse to
undergo cross-examination. After three bench conferences and an on-the-record
colloquy, a mistrial was declared by the court. Defense counsel did not expressly object.
[*2]A retrial was subsequently held in January 2019, after
which the jury convicted defendant of driving while intoxicated per se, common-law
driving while intoxicated, and failure to signal. On appeal, defendant contends, among
other things, that the declaration of the mistrial was unwarranted and barred her
convictions upon her subsequent trial for the same offenses.
The double jeopardy clauses of the New York State and United States Constitutions
protect a defendant from twice being put in jeopardy of criminal prosecution for the same
offense (see US Const 5th Amend; NY Const, art I, § 6; Matter of Davis
v Brown, 87 NY2d 626, 629-630 [1996]; People v Baptiste, 72 NY2d 356
[1988]; Matter of Morris v Livote, 105 AD3d 43, 47 [2013]). The double
jeopardy clauses do not ordinarily bar a second trial "where the defendant either requests
a mistrial or consents to its declaration" (People v Ferguson, 67 NY2d 383, 388
[1986]). "While express consent to a mistrial is preferable, defendant's consent may in
some cases be implied from the circumstances leading up to the dismissal of the jury"
(id.). 
Here, defense counsel impliedly consented to the mistrial by, among other things,
actively participating in three different bench conferences at which the parties discussed
a variety of options, including declaring a mistrial, and warning defendant that her failure
to submit to cross-examination could lead to a mistrial (see People v Alman, 185
AD3d 714 [2020]; Matter of Matthews v Nicandri, 252 AD2d 657 [1998];
People v Hawkins, 228 AD2d 450 [1996]). In any event, there was a manifest
necessity for a mistrial, as there was no acceptable alternative under the circumstances
(see Alman, 185 AD3d at 716; Matter of Taylor v Dowling, 108 AD3d
566 [2013]).
Defendant's remaining contentions are without merit.
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 20, 2022