People v Roland (2025 NY Slip Op 00991)

People v Roland

2025 NY Slip Op 00991

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2018-11573
 (Ind. No. 6383/16)

[*1]The People of the State of New York, respondent,
v
Harry Roland, appellant.

Patricia Pazner, New York, NY (Mark W. Vorkink and Patterson Belknap Webb & Tyler, LLP [Lauren Schorr Potter, Hannah Brudney, and Shelley Attadgie], of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered July 10, 2018, convicting him of burglary in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that count beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the count of burglary in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 645).
Contrary to the defendant's contention, the record as a whole establishes that he knowingly, voluntarily, and intelligently waived his right to be represented by counsel (see People v Ison, 226 AD3d 1048, 1049; People v Cucchiara, 174 AD3d 816, 816). The Supreme Court adequately and repeatedly warned the defendant of the inherent risks in proceeding pro se and "apprised him of the benefits and the singular importance of representation by counsel in the adversarial system of adjudication" (People v Cucchiara, 174 AD3d at 817). In response, the defendant steadfastly maintained his desire and ability to proceed pro se (see People v Ison, 226 AD3d at 1049; People v Cucchiara, 174 AD3d at 817).
The defendant waived his contention that the Supreme Court violated CPL 270.35 and his due process rights by failing to replace two sworn jurors with sworn alternate jurors, as he [*2]consented to the procedure employed by the court to replace the two sworn jurors (see People v Driver, 154 AD3d 958, 959; People v Adonis, 119 AD3d 700).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court