People v Garcia

2026 NY Slip Op 02284

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Timothy Garcia, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-01742, (Ind. No. 70505/23)

Betsy Barros, J.P.

Lara J. Genovesi

Helen Voutsinas

Carl J. Landicino, JJ.

Charles E. Von Schmidt, Farmingdale, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered December 13, 2023, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (three counts), criminal possession of a weapon in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is reversed, on the law, on the facts, and as a matter of discretion in the interest of justice, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

For his act of, inter alia, possessing an untraceable, loaded handgun, the defendant was convicted of criminal possession of a weapon in the second degree and related crimes. On appeal, the defendant contends that he was not competent to waive the assistance of counsel and proceed to trial.

In April 2023, the defendant was found competent by two psychologists, one of whom deemed his prognosis "guarded." No hearing was held on the question of the defendant's competency.

The defendant's conduct during the course of the proceedings demonstrated a lack of understanding of the consequences of his actions. In May 2023, after the defendant asked how he could settle the matter, and the County Court suggested that he plead guilty, the defendant replied "is it the custom of this court to dishonor acceptances?" The court noted that it was still concerned about whether the defendant understood the charges against him. Although the defendant chose to represent himself, during the court's lengthy colloquy of the defendant to ensure his waiver of counsel was knowing and voluntary, the defendant, for the most part, simply repeated that he was "not here to testify." In August 2023, the defendant was offered a plea of guilty, which he claimed he accepted, but he refused to engage in a plea allocution, claiming he was "not here to testify," despite the presence of a legal advisor to advise him how to proceed.

The defendant proceeded to trial in October 2023. The defendant's conduct during [*2]the course of those proceedings demonstrated a lack of understanding of the consequences of the proceedings or an ability to assist in his own defense (cf. People v Stone, 22 NY3d 520; People v James, 200 AD3d 711). He declined to cross-examine witnesses. At the conclusion of the trial, he repeated a statement he had made previously, that "I'm here by special appearance, not a general appearance" and, when asked if he wished to give a summation, stated that "I'm not here to argue." Thereafter, he repeated another statement he had also made previously, that he was "accepting" the County Court's offer "and hereby returning it in settlement and closure." His bizarre statements indicated that he had no understanding of what was about to unfold.

Given the defendant's conduct, the County Court should have conducted further proceedings with respect to the defendant's competency before proceeding to trial, which could have included further competency examinations and a hearing. The defendant may have been competent in April 2023, and, thereafter, his condition may have deteriorated. "In view of the passage of time and the lack of contemporaneous psychiatric reports of the defendant's mental condition at the time of trial, it would be futile to remit the matter for a reconstruction hearing to attempt to determine the defendant's fitness to proceed at that time" (People v Bellucci, 189 AD3d 869, 871; see People v Peterson, 40 NY2d 1014). Therefore, we remit the matter to the County Court, Suffolk County, for new competency examinations, a competency hearing if warranted, and, if and when the defendant is found competent, a new trial.

In light of our determination, we need not reach the defendant's remaining contentions.

BARROS, J.P., GENOVESI, VOUTSINAS and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court