■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL WHITE, Appellant. — Judgment unanimously reversed, on the law and facts, and new trial granted. Memorandum: Defendant has been convicted, after jury trial, of the crime of possession of stolen property, first degree (Penal Law, § 165.50). The indictment alleged that he unlawfully possessed cocoa sold by C. J. Van Houten and Zoon, Inc. to Rich Products, Inc. The testimony established that he and another had hijacked a trailer containing cocoa at Suffern, New York which had been shipped from Georgia to Buffalo. They then transported the stolen trailer to the Buffalo area where they transferred its contents to a rented trailer. Prior to summation, counsel requested that the jury be instructed that they should draw no unfavorable inferences from the defendant's failure to testify (CPL 300.10, subd 2). The court failed to do so and after the charge defendant's counsel excepted generally to the court's failure to charge his requests. The court's omission of the charge required by the statute, when it was requested, requires reversal (see *People v Britt*, 43 NY2d 111; see, also, *Carter v Kentucky*, 450 US 288). Since there must be a new trial, we comment briefly on one evidentiary matter. Defendant contends that the People failed to prove the value of the cocoa. They attempted to do so by having employees of the trucker, Boss-Linco, identify invoices prepared by the shipper, Van Houten. The court erred in receiving the invoices as business records admissible pursuant to CPLR 4518, however, since there was no proof of authenticity of the invoices by Van Houten, the party making them (see *Standard Textile Co. v National Equip. Rental*, 80 AD2d 911; *Sabatino v Turf House*, 76 AD2d 945). This error would require reduction of the charges to criminal possession

of stolen property, third degree (Penal Law, § 165.40) on retrial but for the fact that there was other competent evidence in the record, in the form of an admission by the defendant that the cocoa was worth one dollar a pound on resale (see *People v Colasanti,* 35 NY2d 434) and the photographic exhibits which depict more than 1,500 pounds of contraband. We have considered the other points raised in the brief and find them to be without merit. (Appeal from judgment of Erie Supreme Court, Ostrowski, J. — criminal possession stolen property, first degree.) Present — Dillon, P.J., Simons, Callahan and Moule, JJ.