■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CRUZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered December 9, 1988, convicting him of robbery in the first degree, grand larceny in the fourth degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence upon him as a second-felony offender.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for a hearing and determination pursuant to CPL 400.15 (5) and for resentencing.

We reject the defendant's contention that he was prejudiced by the victim's initial reluctance to testify and subsequent assertion of his Fifth Amendment privilege against self-incrimination. There is nothing in the record to indicate that the victim's refusal to testify was deliberately demonstrated to the jury for the purpose of having it draw unwarranted inferences, *inter alia,* that the victim had been intimidated by the defendant. Nor did the victim's refusal to testify add "critical weight" to the prosecution's case (see, *Namet v United States,* 373 US 179; *People v Berg,* 59 NY2d 294). Moreover, the People's consent to grant the victim immunity demonstrated their good faith in calling the witness (see, *People v Torres,* 141 AD2d 682).

We also reject the defendant's contention that he was entitled to a missing witness charge with respect to a police officer who assisted in apprehending the defendant. The defendant failed to make any showing that the witness would

provide testimony on a material issue *(see, People v Kitching,* 78 NY2d 532; *People v Erts,* 73 NY2d 872; *People v Dianda,* 70 NY2d 894; *People v Gonzalez,* 68 NY2d 424).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, at sentencing, the defendant challenged the validity of his prior felony conviction on the ground that a plea agreement had been violated, or alternatively, on the ground of ineffective assistance of counsel. As the People concede, the court erred in failing to conduct a hearing pursuant to CPL 400.15 (5). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing and resentencing *(see, People v Humphries,* 144 AD2d 385; *People v Ordine,* 130 AD2d 518).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.