■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HOPPE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered February 6, 1991, convicting him of criminal mischief in the second degree, reckless endangerment in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of criminal mischief in the second degree to criminal mischief in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for resentencing for criminal mischief in the third degree. No questions of fact have been raised or considered.

The defendant contends that the evidence at trial was legally insufficient to establish that the damage to the property exceeded $1,500 (see, Penal Law § 145.10) We agree. No expert testified as to value of the damaged property and no documentary proof as to the cost of repair or replacement was introduced. The complainant's testimony that the repairs cost $4,500 was insufficient since that testimony was unsupported by documentation or other evidence that that amount represented the reasonable cost of the repairs (see, People v Slattery, 173 AD2d 656; People v Jackson, 168 AD2d 633; People v Gina, 137 AD2d 555). However, we have reviewed the photographs of the damage introduced at trial and find that they demonstrate beyond a reasonable doubt that the value of the damage exceeded $250, the statutory amount required to prove criminal mischief in the third degree (see, Penal Law § 145.05). Thompson, J. P., Lawrence, Copertino and Santucci, JJ., concur.