■ The People of the State of New York, Respondent, v Cleveland Brantley, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Oneida County Court for resentencing in accordance with the following Memorandum: Defendant appeals from his conviction of criminal mischief in the second degree and attempted assault in the second degree. The charges stemmed from defendant's conduct in ripping a hot water heater from the wall of his cell in the Oneida County Jail and a subsequent struggle with jail deputies. Damage to the property of another in an amount exceeding $1,500 is a material element of criminal mischief in the second degree (see, Penal Law § 145.10; People v Simpson, 132 AD2d 894, 895). The testimony of a maintenance employee that electrical fixtures and piping would "have to be checked out" and "were probably damaged" was speculative and legally insufficient to establish that such property items were actually damaged. Moreover, the witness' general approximation of the cost of repairing or replacing various property items was insufficient to establish the amount of damage (see, People v Hoppe, 184 AD2d 582; People v Gaines, 136 AD2d 731, 734, lv denied 71

NY2d 896; *see also, People v Jackson,* 168 AD2d 633, 634, *lv denied* 77 NY2d 962). Additionally, there was a reasonable view of the evidence to support defendant's request that criminal mischief in the third or fourth degree be charged as a lesser included offense, and the court erred in denying that request. Because the evidence was legally insufficient to establish property damage in a specific amount but did prove that property was intentionally damaged, we modify the judgment to reduce defendant's conviction on this count to criminal mischief in the fourth degree.

Because the delay in providing defendant with *Rosario* material *(see, People v Rosario,* 9 NY2d 286) did not substantially prejudice the defense, reversal of defendant's conviction for attempted assault in the second degree is not warranted *(see, People v Ranghelle,* 69 NY2d 56, 63). We also conclude that the imprisonment term imposed for that conviction is not harsh and excessive. Thus, we remit this matter to Oneida County Court for resentencing on the criminal mischief count. (Appeal from Judgment of Oneida County Court, Merrell, J.— Criminal Mischief, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.