■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH MICHALLOW, Appellant. [607 NYS2d 781] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Cayuga County Court for further proceedings in accordance with the following Memorandum: After four witnesses had testified, County Court declared a mistrial, *sua sponte,* and ordered a new trial on the same indictment. Thereafter, defendant was indicted for a similar crime committed subsequent to the first indictment and both indictments were consolidated for a new trial. Defendant neither consented nor objected to the declaration of a mistrial, nor did she raise any objection on double jeopardy grounds at the second trial. Under the circumstances, defendant's statutory double jeopardy claim was not preserved *(see, People v Dodson,* 48 NY2d 36, 38; *see also, People v Prescott,* 66 NY2d 216, 219, *cert denied* 475 US 1150). Further, because the court directed

a new trial on the same indictment, the first trial did not constitute a "previous prosecution" (CPL 40.30 [3]).

Unlike statutory double jeopardy, the State and Federal constitutional prohibitions against double jeopardy are deemed so fundamental that they are preserved despite the failure to raise them at the trial level *(People v Michael,* 48 NY2d 1, 6-8). Those constitutional protections, however, may be waived by express or implied consent to the court's declaration of a mistrial, or where "there was 'manifest necessity' for the mistrial or 'the ends of public justice would otherwise be defeated' " *(People v Ferguson,* 67 NY2d 383, 388; *see also, Arizona v Washington,* 434 US 497). Here, defendant raised no objection to the court's *sua sponte* declaration of a mistrial, and "actively participate[d] in the various colloquies" with the court *(People v Lilly,* 187 AD2d 674, 675, *lv denied* 81 NY2d 973). Such conduct constituted implied consent, and an effective waiver of defendant's constitutional rights against double jeopardy. "[D]efendant's personal consent to the mistrial is not necessary" and may be made by her attorney *(People v Ferguson, supra,* at 390-391).

The court erred in admitting opinion testimony of the People's handwriting expert that spray paint writing on the victims' vehicles corresponded to defendant's handwriting. The People failed to make the threshold showing that comparing handwriting to spray paint writing is scientifically reliable *(see, People v Hughes,* 59 NY2d 523; *cf., People v Middleton,* 54 NY2d 42). The error, however, was harmless because there is no "significant probability * * * that the jury would have acquitted the defendant had it not been for [that] error" *(People v Crimmins,* 36 NY2d 230, 242). The People's expert also compared handwritten notes placed on some of the victims' vehicles that were similar in content to the spray painting on the vehicles. The handwriting in the notes matched defendant's handwriting in control samples, and there was ample other evidence to support defendant's conviction.

The admission of hearsay evidence regarding the amount of property damage on the two counts of criminal mischief in the third degree in indictment No. 92-103, for which defendant was convicted, was error. A necessary element of the crime of criminal mischief in the third degree is that the amount of property damage exceed $250 (Penal Law § 145.05). The court permitted evidence consisting of a receipt for $775 from an auto repair garage for repairs to the vehicle belonging to one

of the victims, and a facsimile of an insurance company letter evidencing reimbursement in the amount of $397.98 for repairs made to the vehicle of another victim. The business record exception to the hearsay rule (CPLR 4518) requires that the maker of the record or an appropriate employee authenticate the record. In the absence of such authentication, there must be proof that the cost of repairs was fair and reasonable *(People v Hoppe,* 184 AD2d 582; *People v Jeffries,* 151 AD2d 964, *lv denied* 74 NY2d 848; *see also, People v White,* 84 AD2d 668). CPLR 4533-a, which allows paid itemized repair bills up to $2,000 into evidence, applies only to civil actions. The photographs in evidence of some of the damaged vehicles, including one for which a repair receipt for $775 was in evidence, do not demonstrate beyond a reasonable doubt that the value of property damage exceeded $250 *(cf., People v Hoppe, supra).* In light of the failure of proof, the conviction of two counts of criminal mischief in the third degree under counts one and three of indictment No. 92-103 is reduced to two counts of criminal mischief in the fourth degree (Penal Law § 145.00 [1]; *see, People v Hoppe, supra; People v Womble,* 111 AD2d 283, *lv denied* 65 NY2d 989), the sentences imposed thereon are vacated, and the matter is remitted to Cayuga County Court for resentencing.

Permitting the prosecutor to read from a handwriting analysis treatise regarding the spiteful and envious character of anonymous note writers was error, but such error was harmless *(see, People v Morgan,* 66 NY2d 255; *People v Crimmins, supra).*

Defendant contends that the court erred in admitting a hearsay statement that "defendant was capable of doing something like that" and in permitting the prosecutor to elicit testimony from one of the victims about an uncharged act of harassment. Defendant's general objections were insufficient to preserve the issue for our review *(see, People v Murphy,* 135 NY 450; Richardson, Evidence § 538 [Prince 10th ed]), and we decline to reach it in the interest of justice.

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Aggravated Harassment, 2nd Degree.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.