■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS R. LADD, JR., Appellant. [632 NYS2d 233] —Mikoll, J. P. Appeal from a judgment of the County Court of Cortland County (Mullen, J.), rendered May 12, 1994, upon a verdict convicting defendant of the crimes of criminal mischief in the second degree and criminal possession of stolen property in the fifth degree.

Defendant challenges his conviction on the ground that the People have failed to offer legally sufficient evidence to demonstrate that the property defendant allegedly damaged was valued at more than $1,500, a required element of criminal mischief in the second degree. The cost of repair to the vehicle was established at $1,452.39 by the owner's testimony, the testimony of an employee of the company that performed the repairs and the receipt for the repair work of $1,452.39, and was legally sufficient evidence of the value of the damage to the automobile (*see, People v Simpson*, 132 AD2d 894, 895, *lv denied* 70 NY2d 937). However, there was not sufficient evidence to prove what the damage was to audio tapes in the car (*see, People v Brantley*, 186 AD2d 1036, 1036-1037, *lv denied* 81 NY2d 785; *People v Hoppe*, 184 AD2d 582; *People v Jackson*, 168 AD2d 633, 634, *lv denied* 77 NY2d 962). However, since the damage to the vehicle clearly exceeded $250, the evidence

is sufficient to sustain the implicit finding that defendant committed the crime of criminal mischief in the third degree (*see*, Penal Law § 145.05). Defendant's criminal mischief in the second degree conviction should therefore be reduced to criminal mischief in the third degree (*see, People v Hoppe, supra*, at 582), the sentence imposed vacated and the matter remitted to County Court for resentencing.

Defendant's argument that his convictions should be set aside as against the weight of the credible evidence adduced at trial is not persuasive. There was ample proof of the elements of the crimes charged (except as to value as previously noted), if believed, to establish that defendant committed the crimes charged (as reduced) beyond a reasonable doubt. Atif Joseph, a Cortland College student, testified that he observed two individuals in the parking lot below from his apartment window apparently breaking into a gray Pontiac Grand Am auto. He then put on his shoes and went downstairs and out to the rear parking lot. Joseph then confronted defendant "cradling" some tapes and a stereo which came from a 1988 Chevrolet Blazer auto also parked in the parking lot. It was clearly the jury's task to weigh the probative force of the conflicting evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The decision is supported by the weight of the evidence and should be affirmed.

Defendant's claim that County Court erred in giving curative instructions to the jury concerning a witness' statement that a photo array had occurred, thus emphasizing the fact that a photo array had in fact been held, has not been preserved by appropriate objection for review nor do we find that this issue warrants reversal in this case in the interest of justice (*see*, CPL 470.05 [2]; *People v Dehler*, 216 AD2d 643, 645).

Defendant was sentenced as a second felony offender. He challenges such designation on the ground that his previous felony conviction was procured without the effective assistance of counsel. The People's argument that defendant waived the right to challenge the constitutionality of his June 10, 1993 conviction of attempted assault in the second degree, because it was based on a bargained plea of guilty, is without merit. Defendant's plea of guilty on June 10, 1993 was not a waiver of his right to claim ineffective assistance of counsel since " 'the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases" ' " (*People v Ferguson*, 192 AD2d 800, *lv denied* 82 NY2d 717, quoting *Hill v Lockhart*, 474 US 52, 56, quoting *McMann v Richardson*, 397 US 759, 771).

Defendant's two admissions at his March 28, 1994 arraignment, that he had been convicted of attempted assault in the second degree on June 10, 1993, do not bar him from attacking the constitutionality of this conviction. County Court had failed to inform defendant at the arraignment on the current charge that his admission would result in an enhanced sentence if he were convicted of the current offense. Thus, defendant cannot be said to have made a knowing and intelligent waiver of his right to challenge his earlier conviction (cf., People v Topping, 74 AD2d 703, 704). While admitting the prior conviction, defendant requested a hearing to challenge its constitutionality. His admission thus did not waive his ability to challenge the conviction (see, CPL 400.21 [7] [b]; People v Cruz, 181 AD2d 906, 907, lv denied 79 NY2d 1047; People v Sutliff, 176 AD2d 1033, 1034). Nonetheless, we find that defendant failed to meet his burden of showing factually that his June 10, 1993 conviction was unconstitutionally obtained due to the ineffective assistance of counsel (see, CPL 400.21 [7] [b]; People v Harris, 61 NY2d 9, 15; People v West, 110 AD2d 971, 973).

Defendant's contention that County Court erroneously prevented him from questioning Police Officer Steven McCollum concerning the accuracy of cross-racial identifications and to refer to cross-racial identifications on summation lacks merit. County Court ruled that the issue of cross-racial identification was irrelevant during defendant's cross-examination of McCollum. However, subsequently defendant did inquire of McCollum whether he was familiar with the term "cross-identification" and McCollum responded in the negative. Defense counsel did not question him further on the issue. Thus, no harm was done. Further, as cross-racial identification was not in evidence, it was not error to prohibit reference to it upon summation (see, People v Matusak, 206 AD2d 903).

Crew III, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reducing the conviction for criminal mischief in the second degree to criminal mischief in the third degree; sentence imposed thereon vacated and matter remitted to the County Court of Cortland County for resentencing; and, as so modified, affirmed.