THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SANTIAGO, Appellant. [695 NYS2d 830] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). There is no merit to his contention that the evidence is legally insufficient to support the conviction (*see generally, People v Bleakley*, 69 NY2d 490, 495). The People presented proof that defendant assaulted another inmate while possessing an 11-inch shank; that immediately after the incident defendant surrendered the shank to prison officials; and that defendant previously received a copy of the rules of inmate behavior written in English and Spanish prohibiting the possession of weapons.

Defendant was not denied a fair trial by County Court's ruling that he could be cross-examined with respect to prior convictions of robbery, bail jumping and criminal possession of a weapon. Those convictions "demonstrated his willingness to place his interests above those of society" (*People v Allen*, 215 AD2d 674, *lv denied* 86 NY2d 789; *see also, People v Nichols*, 257 AD2d 851, *lv denied* 93 NY2d 901; *People v Santiago*, 251 AD2d 239, *lv denied* 92 NY2d 985). "[Q]uestioning concerning other crimes is not automatically precluded simply because the crimes * * * are similar to the crimes charged" (*People v Pavao*,

59 NY2d 282, 292; *see, People v Breneman*, 192 AD2d 1084, *lv denied* 81 NY2d 1011).

The court did not abuse its discretion in sentencing defendant as a persistent felony offender, and, in light of defendant's numerous prior convictions for crimes involving weapons, the maximum sentence of 25 years to life is not unduly harsh or severe.

Defendant failed to preserve for our review his contention that the interpreter who served during the trial and sentencing was not qualified to do so (*see*, CPL 470.05 [2]; *People v Wong*, 256 AD2d 724, 725, *lv denied* 93 NY2d 903; *People v Hatzipavlou*, 175 AD2d 969, *lv denied* 79 NY2d 827), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Promoting Prison Contraband, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Scudder and Balio, JJ.