THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON SINGLETON, Appellant. [737 NYS2d 728] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered March 26, 1999, convicting defendant after a nonjury trial of, inter alia, criminal mischief in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a bench trial of criminal trespass in the second degree (Penal Law § 140.15), criminal mischief in the second

degree (Penal Law § 145.10) and resisting arrest (Penal Law § 205.30). Defendant was sentenced as a second felony offender to concurrent terms of incarceration, the greatest of which is 3½ to 7 years. Defendant contends that the evidence is legally insufficient to support the conviction of criminal mischief because the People failed to establish that the victim sustained damages in excess of $1,500. We agree with defendant that Supreme Court erred in admitting receipts and an insurance check payable to the victim in evidence in the absence of a proper foundation for those business records (*see, People v Michallow,* 201 AD2d 915, 916-917, *lv denied* 83 NY2d 874). We conclude, however, that the error is harmless. Contrary to defendant's contention, the testimony of the victim established that the cost of repairing her property exceeded $1,500 (*see, People v Brown,* 177 AD2d 942, *lv denied* 79 NY2d 944; *see also, People v Woodard,* 148 AD2d 997, 997-998, *lv denied* 74 NY2d 749; *cf., People v Hoppe,* 184 AD2d 582). The sentence is neither unduly harsh nor severe. Present—Pine, J.P., Scudder, Kehoe, Burns and Gorski, JJ.