THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER JONES, Appellant. [801 NYS2d 318]—

Judgment, Supreme Court, New York County (Philip M. Grella, J.), rendered July 19, 2004, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree, and sentencing him to a term of one year, unanimously affirmed.

The court properly denied defendant's suppression motion. The record supports the findings made by a judicial hearing officer and adopted by the court. The undercover officer, who had probable cause for defendant's arrest, transmitted a description over his cell phone that was sufficiently detailed. The only reasonable inference to be drawn from the hearing evidence was that the arresting officers acted on the basis of the information and description that the undercover officer transmitted (*see People v Gonzalez*, 91 NY2d 909, 910 [1998]; *People v Mims*, 88 NY2d 99, 113-114 [1996]). The People established the details of the description through the testimony of the undercover officer, and the arresting officers testified that defendant matched the description (*see People v Ramos*, 287 AD2d 305 [2001], *lv denied* 97 NY2d 658 [2001]; *People v Jones*, 277 AD2d 30 [2000], *lv denied* 96 NY2d 784 [2001]).

The court properly denied defendant's challenge for cause to a prospective juror who stated that she was "against drugs." Taking her comments in context and as a whole, we conclude that she did not raise a doubt about her ability to be fair and impartial. Her answers that she "hoped" she would do the job of a juror properly, and she would "try" to be fair and impartial were not statements of equivocation mandating her exclusion (*see People v Chambers*, 97 NY2d 417, 419 [2002]; *compare People v Greene*, 290 AD2d 349 [2002]).

The evidence provided reasonable assurances of the identity and unchanged condition of the drugs recovered (*see People v Julian*, 41 NY2d 340 [1977]), including proof of police control over the drugs (*see People v Cortijo*, 251 AD2d 256 [1998], *lv denied* 92 NY2d 948 [1998]). Concur—Friedman, J.P., Sullivan, Nardelli, Gonzalez and Sweeny, JJ.