■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVORY L. PAYNE, Appellant. [853 NYS2d 791]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the first degree (Penal Law § 120.10 [1]). We agree with defendant that Supreme Court erred in denying his challenge for cause with respect to a prospective juror and that reversal is required based on that error. We note at the outset that defendant thereafter exhausted his peremptory challenges, and thus his contention is properly before us (*see* CPL 270.20 [2]; *People v Nicholas*, 98 NY2d 749, 752 [2002]).

After initially providing appropriate responses to questions posed by the court and the prosecutor, the prospective juror in question made equivocal statements in response to questioning by defense counsel. Specifically, the prospective juror stated that there was a possibility that her experiences and sensitivity to violence would affect her response to testimony, and that she questioned whether she would be a good juror for the case. There was no further questioning of that prospective juror after she made those equivocal statements.

It is well settled that a prospective juror "who has revealed doubt, because of prior knowledge or opinion, about her ability to serve impartially must be excused unless the [prospective] juror states unequivocally on the record that she can be fair" (*People v Arnold*, 96 NY2d 358, 362 [2001]; *see People v Bludson*,

97 NY2d 644, 646 [2001]). "Indeed, nothing less than a personal, unequivocal assurance of impartiality can cure a [prospective] juror's prior indication that she is predisposed against a particular defendant or particular type of case" (*Arnold*, 96 NY2d at 364). Here, the responses of the prospective juror to questioning by defense counsel called her impartiality into question, and she did not "thereafter g[i]ve the requisite unequivocal assurances that her prior state of mind would not influence her verdict and that she could be fair and impartial" (*People v Linnan*, 23 AD3d 1013, 1014 [2005]; *see generally People v Nicholas*, 98 NY2d 749, 751-752 [2002]).

Contrary to defendant's further contentions, the evidence is legally sufficient to support the conviction, and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In view of our determination, we do not address defendant's remaining contentions. Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.