■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER ODUM, Appellant. [890 NYS2d 241]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 25, 2007. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]), defendant contends that County Court erred in denying his challenge for cause with respect to a prospective juror. We reject that contention. It is well settled that "a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the [prospective] juror states unequivocally on the record that he or she can be fair and impartial" (*People v Chambers,* 97 NY2d 417, 419 [2002]; *see People v Nicholas,* 98 NY2d 749, 751-752 [2002]). Here, the prospective juror never expressed any doubt concerning his ability to be fair and impartial (*see People v Semper,* 276 AD2d 263 [2000], *lv denied* 96 NY2d 738 [2001]). We conclude that, viewing the statements of the prospective juror as a whole, the statements were unequivocal despite the use of the words "think" and "try" (*see People v Shulman,* 6 NY3d 1, 28 [2005], *cert denied* 547 US 1043 [2006]; *Chambers,* 97 NY2d at 419; *People v Jones,* 21 AD3d 860 [2005], *lv denied* 6 NY3d 755 [2005]; *Semper,* 276 AD2d 263 [2000]).

Defendant failed to preserve for our review his further contention that the interpreter assigned to assist him was inadequate because he lacked experience and was uncertified (*see People v Santiago*, 265 AD2d 827 [1999], *lv denied* 94 NY2d 866 [1999]; *People v Hatzipavlou*, 175 AD2d 969 [1991], *lv denied* 79 NY2d 827 [1991]). In any event, that contention is without merit. Although the interpreter did not have any prior experience interpreting during a trial, the record establishes that he nevertheless was qualified to do so (*see generally Hatzipavlou*, 175 AD2d 969 [1991]). The fact that the interpreter was not a certified interpreter does not invalidate his assistance to defendant (*see People v Costa*, 186 AD2d 299 [1992], *lv denied* 81 NY2d 761 [1992]; *see generally* Judiciary Law § 387). Finally, we reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Gorski, JJ.