# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**116**
**KA 14-00578**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ULYSSES M. BETANCES, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, HARTER SECREST & EMERY LLP (MICHAEL J. ROONEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 21, 2014. The judgment convicted defendant, upon a jury verdict, of aggravated driving while intoxicated.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one and two of the indictment.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [b]), defendant contends that Supreme Court abused its discretion in denying his challenge for cause to prospective juror No. 13. We agree. We therefore reverse the judgment and grant a new trial on counts one and two of the indictment.

"It is well settled that 'a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the [prospective] juror states unequivocally on the record that he or she can be fair and impartial' " (*People v Odum*, 67 AD3d 1465, 1465, *lv denied* 14 NY3d 804, *reconsideration denied* 15 NY3d 755, *cert denied* 562 US 931, quoting *People v Chambers*, 97 NY2d 417, 419). Although CPL 270.20 (1) (b) "does not require any particular expurgatory oath or 'talismanic' words . . . , [prospective] jurors must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict" (*People v Arnold*, 96 NY2d 358, 362; *see People v Mitchum*, 130 AD3d 1466, 1467). "Prospective jurors who make statements that cast serious doubt on their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality, must be excused" (*Arnold*, 96 NY2d at 363; *see People v Harris*, 19 NY3d 679, 685).

Here, in response to the prosecutor's question regarding whether any member of the panel thought that he or she could not be fair and impartial due to the allegations of driving while intoxicated, prospective juror No. 13 indicated that, due to situations in her past, she did not see any reason why anyone would need to drink and drive, and she could not be fair and impartial. Upon follow-up questioning by the court, she assured the court that she could set those feelings aside. Later, however, in response to defense counsel's questions, prospective juror No. 13 indicated that she had wondered what defendant did wrong when she first walked into the courtroom, and that "obviously" she felt that "he must have done something wrong or he wouldn't have" been in court. The court asked follow-up questions, but cut off the prospective juror before she could reply to one such question, and the court's final substantive question failed to establish the prospective juror's state of mind. Consequently, the court abused its discretion in denying defendant's challenge for cause to prospective juror No. 13. Defendant exhausted all of his peremptory challenges before the completion of jury selection and thus the denial of his challenge for cause is preserved for our review (see CPL 270.20 [2]; *Harris*, 19 NY3d at 685), and constitutes reversible error (see *People v Harris*, 23 AD3d 1038, 1038; *People v Brzezicki*, 249 AD2d 917, 918-919; see also *People v Casillas*, 134 AD3d 1394, 1396).

Entered: February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court