People v Clark (2019 NY Slip Op 03231)





People v Clark


2019 NY Slip Op 03231


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1294 KA 15-01095

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRADFORD M. CLARK, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered June 8, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted on count two of the indictment, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) arising from a stabbing incident that resulted in, among other things, serious physical injury to one of the victims, defendant contends that Supreme Court abused its discretion in denying his challenges for cause to two prospective jurors. We agree. We therefore reverse the judgment and grant a new trial on count two of the indictment.
"It is well settled that a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the [prospective] juror states unequivocally on the record that he or she can be fair and impartial' " (People v Odum, 67 AD3d 1465, 1465 [4th Dept 2009], lv denied 14 NY3d 804 [2010], reconsideration denied 15 NY3d 755 [2010], cert denied 562 US 931 [2010], quoting People v Chambers, 97 NY2d 417, 419 [2002]). Although CPL 270.20 (1) (b) "does not require any particular expurgatory oath or talismanic' words . . . , [a prospective] juror[] must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent [him or her] from reaching an impartial verdict" (People v Arnold, 96 NY2d 358, 362 [2001]; see People v Harris, 19 NY3d 679, 685 [2012]).
Here, viewing the statements of the first prospective juror "in totality and in context" (People v Warrington, 28 NY3d 1116, 1120 [2016]; see People v Johnson, 94 NY2d 600, 615-616 [2000]), we conclude that those statements cast serious doubt on her ability to render an impartial verdict because, during a discussion about defendant's fundamental right to the presumption of innocence and immediately after another prospective juror stated that no judgment could be made from defendant's mere presence in the courtroom, the first prospective juror expressed the opinion that defendant's presence meant that something had happened in which defendant was involved (see People v Betances, 147 AD3d 1352, 1353-1354 [4th Dept 2017]; People v Williams, 107 AD3d 746, 747 [2d Dept 2013], lv denied 21 NY3d 1047 [2013]). The first prospective juror thereafter did not provide the requisite "unequivocal assurance of impartiality" (Arnold, 96 NY2d at 364; see Betances, 147 AD3d at 1354) and instead represented that she would retain that opinion even if the court instructed the jury not to presume or conclude anything from the accusation against defendant.
We also conclude that the second prospective juror evinced "a state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at [*2]the trial" (CPL 270.20 [1] [b]). Although the second prospective juror initially said that she thought she could separate the fact that a close friend had been stabbed and murdered from her consideration of this case, she later retreated from that statement by explaining that she would probably contemplate the circumstances of the crime against her friend while hearing evidence of the stabbing in this case (see People v Malloy, 137 AD3d 1304, 1305 [2d Dept 2016], lv dismissed 27 NY3d 1135 [2016]; People v Payne, 49 AD3d 1154, 1154 [4th Dept 2008]; People v McFadden, 244 AD2d 887, 887 [4th Dept 1997]). "[N]othing less than a personal, unequivocal assurance of impartiality can cure a [prospective] juror's prior indication that [he or ]she is predisposed against a particular defendant or particular type of case" (Arnold, 96 NY2d at 364), and our review of the record here establishes that the second juror did not " g[i]ve the requisite unequivocal assurances that her prior state of mind would not influence her verdict and that she could be fair and impartial' " (Payne, 49 AD3d at 1155).
Because defendant "exhausted all of his peremptory challenges before the completion of jury selection, the denial of defendant's challenges for cause constitutes reversible error" (People v Strassner, 126 AD3d 1395, 1396 [4th Dept 2015]; see CPL 270.20 [2]).
Inasmuch as we are granting a new trial, we note in the interest of judicial economy that the court, in denying that part of defendant's omnibus motion seeking to suppress his cell phone, erred in determining that the police lawfully seized that property from defendant's vehicle incident to arrest in order to protect evidence within defendant's "grabbable area" from destruction or concealment (see generally People v Jimenez, 22 NY3d 717, 721-722 [2014]; People v Gokey, 60 NY2d 309, 312 [1983]). "We have no power to "review issues either decided in an appellant's favor, or not ruled upon, by the trial court" ' " (People v Coles, 105 AD3d 1360, 1363 [4th Dept 2013], quoting People v Concepcion, 17 NY3d 192, 195 [2011]; see CPL 470.15 [1]), and thus we cannot address the alternative ground asserted by the People but not ruled upon by the court, i.e., that the police lawfully seized the cell phone pursuant to the automobile exception to the warrant requirement (see People v Ingram, 18 NY3d 948, 949 [2012]; see generally People v Blasich, 73 NY2d 673, 678 [1989]). We therefore further direct that the matter be remitted to Supreme Court to rule on that alternative ground prior to trial (see People v Pritchard, 149 AD3d 1479, 1481 [4th Dept 2017]).
Additionally, pursuant to both the declaration against penal interest exception to the hearsay rule (see People v Shabazz, 22 NY3d 896, 898 [2013]) and defendant's constitutional rights to present a defense and to due process (see People v Burns, 6 NY3d 793, 794-795 [2006]; People v McArthur, 113 AD3d 1088, 1089-1090 [4th Dept 2014]), defendant repeatedly sought the admission in evidence of the hearsay statement of an eyewitness who provided the police with a statement shortly after the incident but was unavailable to testify at trial. We agree with defendant that the court ultimately determined that the statement was inadmissible because it did not qualify as a declaration against penal interest and that the court failed to address the separate constitutional ground. Given that we have no power to review issues not ruled upon by the trial court (see CPL 470.15 [1]; Concepcion, 17 NY3d at 195; Coles, 105 AD3d at 1363), we may not consider whether the hearsay statement of the unavailable eyewitness was admissible pursuant to defendant's constitutional rights to present a defense and to due process (see Ingram, 18 NY3d at 949).
In light of our determination, we do not address defendant's remaining contention.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court