People v Santiago (2023 NY Slip Op 04035)

People v Santiago

2023 NY Slip Op 04035

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

464 KA 21-01759

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PABLO M. SANTIAGO, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Kristina Karle, J.), rendered October 27, 2021. The judgment convicted defendant, upon a jury verdict, of driving while ability impaired and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and the indictment is dismissed without prejudice to the People to file any appropriate charges.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), as a lesser included offense of driving while intoxicated (§ 1192 [3]), and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). The conviction arose from a traffic stop during which defendant, who was driving without a valid license with his seven-year-old son in a vehicle that contained open containers of alcoholic beverages, exhibited signs of being under the influence of alcohol and acknowledged consuming alcohol earlier in the evening.
Contrary to defendant's contention, we conclude that County Court properly refused to suppress the physical evidence resulting from the traffic stop and defendant's arrest (see People v Russ, 183 AD3d 1238, 1238 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]). Next, viewing the evidence in light of the elements of driving while ability impaired as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to that crime is against the weight of the evidence (see People v Gibson, 173 AD3d 1785, 1785-1786 [4th Dept 2019], lv denied 34 NY3d 931 [2019]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that the court erred in denying his challenge for cause to prospective juror No. 2 on the second panel of prospective jurors. "It is well settled that 'a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the [prospective] juror states unequivocally on the record that he or she can be fair and
impartial' " (People v Odum, 67 AD3d 1465, 1465 [4th Dept 2009], lv denied 14 NY3d 804 [2010], reconsideration denied 15 NY3d 755 [2010], cert denied 562 US 931 [2010], quoting People v Chambers, 97 NY2d 417, 419 [2002]). Although CPL 270.20 (1) (b) "does not require any particular expurgatory oath or 'talismanic' words . . . , [a prospective] juror[ ] must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict" (People v Arnold, 96 NY2d 358, 362 [2001]; see People v Harris, 19 NY3d 679, 685 [2012]).
Here, viewing the prospective juror's statements "in totality and in context" (People v [*2]Warrington, 28 NY3d 1116, 1120 [2016]; see People v Johnson, 94 NY2d 600, 615-616 [2000]; People v Clark, 171 AD3d 1530, 1531 [4th Dept 2019]), we conclude that those statements cast serious doubt on her ability to render an impartial verdict because, during discussions of the allegations against defendant, the prospective juror twice indicated that the mere presence of a child in the vehicle could influence her ability to fairly and impartially evaluate the evidence (see Warrington, 28 NY3d at 1117, 1120; People v Valdez, 138 AD3d 1151, 1153 [2d Dept 2016], lv denied 28 NY3d 938 [2016]; People v Henriques, 307 AD2d 937, 937-938 [2d Dept 2003], lv denied 100 NY2d 642 [2003]; People v Webster, 177 AD2d 1026, 1028 [4th Dept 1991], lv denied 79 NY2d 866 [1992]). The prospective juror initially stated in response to follow-up questioning that, despite the allegation that a child was present in the vehicle, she would still require the People to prove beyond a reasonable doubt that defendant was intoxicated. However, she later retreated from that assurance upon further questioning by acknowledging that the mere fact that defendant had imbibed alcohol or had alcoholic beverages in the vehicle would, even in the absence of proof of intoxication, possibly influence her ability to evaluate the evidence, and then added, without prompting, that such influence on her decision-making would be especially so given that a child was involved (see Clark, 171 AD3d at 1531; People v Betances, 147 AD3d 1352, 1353-1354 [4th Dept 2017]). "[N]othing less than a personal, unequivocal assurance of impartiality can cure a [prospective] juror's prior indication that [they are] predisposed against a particular defendant or particular type of case" (Arnold, 96 NY2d at 364), and our review of the record here establishes that the prospective juror "did not g[i]ve the requisite unequivocal assurances that her prior state of mind would not influence her verdict and that she could be fair and impartial" (Clark, 171 AD3d at 1531 [internal quotation marks omitted]).
Inasmuch as defendant exercised a peremptory challenge with respect to the prospective juror and exhausted all of his peremptory challenges before the completion of jury selection, the denial of his challenge for cause constitutes reversible error (see CPL 270.20 [2]; People v Padilla, 191 AD3d 1347, 1348 [4th Dept 2021]; Clark, 171 AD3d at 1531-1532). Therefore, under the circumstances of this case, we reverse the judgment and dismiss the indictment without prejudice to the People to file any appropriate charge (see People v Kniffin, 176 AD3d 1601, 1602 [4th Dept 2019]; People v Crombleholme, 8 AD3d 1068, 1071 [4th Dept 2004], lv denied 3 NY3d 672 [2004]; see generally People v Gonzalez, 61 NY2d 633, 635 [1983]). In light of our determination, we do not address defendant's remaining contentions.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court