People v Harris (2024 NY Slip Op 03590)

People v Harris

2024 NY Slip Op 03590

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, GREENWOOD, NOWAK, AND KEANE, JJ.

201 KA 19-01386

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KADEEM HARRIS, DEFENDANT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, GARDEN CITY (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered June 4, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed on count 2 to a determinate term of 14 years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Defendant contends that County Court erred in denying his challenge for cause to a prospective juror. With respect to defendant's specific contention that the prospective juror should have been removed for cause because she did not unequivocally state that her deliberations would not be affected by sympathy, we conclude that such a contention is not preserved for our review (see People v Smith, 200 AD3d 1689, 1691 [4th Dept 2021], lv denied 38 NY3d 954 [2022]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's preserved contention with respect to that prospective juror, i.e., that the prospective juror should have been excused for cause based upon her statement that she was "worried about pictures" and that a photograph of "[a] dead body" would "bother" her, is without merit. "A determination of whether jurors lack the ability to be impartial turns on whether, based on the totality of the voir dire record, it is evident that a preference for one side over the other would impact their decision-making" (People v Maffei, 35 NY3d 264, 270 [2020]). Here, we conclude that the juror's statements did not "raise a serious doubt regarding [her] ability to be impartial" (People v Santiago, 218 AD3d 1270, 1271 [4th Dept 2023] [internal quotation marks omitted]; see generally People v Bludson, 97 NY2d 644, 645-646 [2001]) and therefore it was not an abuse of discretion for the court to deny defendant's challenge for cause (see People v Turner, 221 AD3d 1590, 1591 [4th Dept 2023], lv denied — NY3d — [2024]; People v Fowler-Graham, 124 AD3d 1403, 1403 [4th Dept 2015], lv denied 25 NY3d 1072 [2015]; cf. People v Linnan, 23 AD3d 1013, 1014 [4th Dept 2005]).
Defendant further contends that the court violated his rights to confront the People's witnesses, to present a defense, and to due process by improperly limiting his cross-examination of a prosecution witness. Defendant's contentions are not preserved for our review inasmuch as he never objected on the grounds he now raises on appeal (see People v Lane, 7 NY3d 888, 889 [2006]; People v Jones, 193 AD3d 1410, 1412 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; [*2]see generally People v David, 41 NY3d 90, 95-96 [2023]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that the sentence is unduly harsh and severe. Defendant was sentenced to consecutive terms of incarceration of 21 years to life on the murder count and 23 years determinate on the attempted murder count, for an aggregate term of incarceration of 44 years to life. His codefendant received an aggregate term of incarceration of 25 years to life. Although defendant's lengthier aggregate sentence is appropriate inasmuch as he was the shooter, we conclude as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]) that the sentence should be reduced to an aggregate term of 35 years of incarceration. We therefore modify the judgment by reducing the sentence imposed on the attempted murder count to a determinate term of 14 years' imprisonment, to be followed by the five years of postrelease supervision imposed by the court, which thereby produces an aggregate term of imprisonment of 35 years.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court