People v Royal

2026 NY Slip Op 02544

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

MARKEEF ROYAL, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

214 KA 23-01405

Present: Lindley, J.P., Curran, Ogden, Delconte, And Hannah, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO OF COUNSEL), FOR DEFENDANT-APPELLANT.

PERRY DUCKLES, ACTING DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 24, 2023. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [3]). The trial was the third on the indictment, the first two having ended in mistrials. Defendant contends that Supreme Court (Moran, J.) declared a mistrial in the first trial without his consent and in the absence of manifest necessity and therefore retrial was barred by the principles of double jeopardy. We reject that contention.

"Both the State and Federal Constitutions provide that the State may not put a defendant in jeopardy twice for the same offense" (People v Baptiste, 72 NY2d 356, 359 [1988]; see NY Const, art I, § 6; US Const, 5th Amend). "Unlike statutory double jeopardy, the State and Federal constitutional prohibitions against double jeopardy are deemed so fundamental that they are preserved despite the failure to raise them at the trial level" (People v Michallow, 201 AD2d 915, 916 [4th Dept 1994], lv denied 83 NY2d 874 [1994]; see People v Michael, 48 NY2d 1, 6-8 [1979]). "Where a mistrial is granted without the consent or over the objection of a defendant, retrial is barred by double jeopardy protections unless there was 'manifest necessity' for the mistrial or 'the ends of public justice would otherwise be defeated' " (People v Ferguson, 67 NY2d 383, 388 [1986], quoting United States v Perez, 22 US 579, 580 [1824]; see Michallow, 201 AD2d at 916). Consent may be either express or implied (see Michallow, 201 AD2d at 916).

Here, although we agree with defendant that there was no express consent and no manifest necessity for a mistrial inasmuch as the court could have stricken defendant's offending testimony and issued a curative instruction (see People v Ferguson, 115 AD2d 215, 216 [4th Dept 1985], affd 67 NY2d 383 [1986]; see generally Matter of Romero v Justices of Supreme Ct., Queens County, 237 AD2d 292, 293 [2d Dept 1997], lv denied 89 NY2d 817 [1997]), we nevertheless conclude that defense counsel gave implied consent to the declaration of a mistrial.

During defendant's testimony, he attempted to impart information concerning a codefendant's admission that the gun that was found in a satchel in defendant's vehicle belonged to the codefendant. The court sustained multiple objections by the prosecutor, but defendant continued trying to testify that the codefendant had admitted ownership of the gun. The court then interrupted defendant and sua sponte declared a mistrial. The jury was removed from the courtroom, and the court engaged in a colloquy with the attorneys, asking the prosecutor whether [*2]the prosecutor was moving for a mistrial. The prosecutor responded in the affirmative. The court then stated that the prosecutor's motion for a mistrial was "granted because of the actions of the defendant." Defense counsel did not object. The court subsequently stated: "We'll schedule it for tomorrow morning. I will tell the jury what happened and I will dismiss them. Anybody have a problem with that?" Defense counsel responded "No." The court dismissed the jury.

We note that "defendant raised no objection to the court's sua sponte declaration of a mistrial, and 'actively participate[d] in the various colloquies' with the court" (Michallow, 201 AD2d at 916; see People v Hawkins, 228 AD2d 450, 451 [2d Dept 1996]). Inasmuch as "[a] '[d]efendant's personal consent to the mistrial is not necessary' and may be made by [their] attorney" (Michallow, 201 AD2d at 916, quoting Ferguson, 67 NY2d at 390), we conclude that defense counsel's "conduct constituted implied consent, and an effective waiver of defendant's constitutional rights against double jeopardy" (id.; see Hawkins, 228 AD2d at 451; Ferguson, 115 AD2d at 216).

Contrary to defendant's further contention, with respect to his third trial, Supreme Court (Renzi, J.) did not err in refusing to dismiss for cause a prospective juror who expressed a discomfort with guns due to a personal experience related to an individual who had been killed by a gun. Inasmuch as the defense struck the prospective juror and exhausted all peremptory challenges before the completion of jury selection, this issue is preserved for our review (see CPL 270.20 [2]; People v Betances, 147 AD3d 1352, 1354 [4th Dept 2017]; People v Griffin, 145 AD3d 1551, 1552 [4th Dept 2016]). The court asked the prospective juror whether he could put his personal experience out of his mind in this case, which the court noted was strictly a possession case. The prospective juror answered in the affirmative. Based upon a "review of the voir dire transcript 'in totality and in context' and giving due deference to the determination of the trial court," we conclude that it was not an abuse of discretion for the court to deny defendant's challenge for cause (People v Turner, 221 AD3d 1590, 1591 [4th Dept 2023], lv denied 41 NY3d 1004 [2024], quoting People v Warrington, 28 NY3d 1116, 1120 [2016]; cf. People v Santiago, 218 AD3d 1270, 1271-1272 [4th Dept 2023]).

Defendant further contends that he was denied effective assistance of counsel during the third trial based on defense counsel's failure to poll the prospective jurors to determine whether they heard a particular sidebar discussion with a prospective juror and failure to raise any challenge when another prospective juror stated that a friend did not have a good relationship with defendant. We reject that contention. Viewing the evidence, the law, and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).

With respect to defendant's contention that Penal Law § 265.03 (3) is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]), we have rejected identical contentions in prior cases (see People v Richardson, 246 AD3d 1396, 1396-1397 [4th Dept 2026]; People v Davis, 234 AD3d 1356, 1356-1357 [4th Dept 2025], lv granted 44 NY3d 1051 [2025]; see also People v Johnson, — NY3d —, —, 2025 NY Slip Op 06528, *3 [2025]), and we perceive no reason to reach a different conclusion here.

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court